UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA MARTIN,

    **Plaintiff,**

V.                                                          Case No: 2:12-CV-170-FtM-29SPC

BLG CEMENT, LLC, RQL
ENTERPRISES, INC. and ROBERT
L. CIARROCCHI,

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Parties' Joint Motion for Approval of Settlement and Motion to Dismiss with Prejudice (Doc. #17) filed on July 17, 2012. This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement.

In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b), when an

action is brought by employees against their employer to recover back wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit,

> [p]rovides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount of $14,000 to the Plaintiff in full and final satisfaction of her FLSA claim, including her claims for attorney's fees and costs. The Plaintiff, Jessica Martin, has agreed to accept $7000 in back wages and liquidated damages, as a full and fair settlement of her FLSA claim.[1] Counsel for the Plaintiff, Benjamin L. Williams, of the law firm Feldman, Fox, and Morgado, shall receive $6,366.38 in attorney's fees and the sum of $663.62 as costs for a total of $7000. Counsel indicates the attorney's fees were negotiated separately from the Plaintiff's settlement without regard to the amount paid to the Plaintiff in settlement of her FLSA claim.

In the Joint Motion for Approval submitted by the Parties, (Doc. #17), the Parties agree that the Plaintiff has been offered a fair and reasonable settlement, with compromise, for all the

---

[1] For a detailed breakdown of the settlement amount that the Plaintiff received under the terms of the settlement agreement see (Doc. # 17, p. 5-6).

work performed on Defendants' behalf, and that the settlement between the Parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues. Thus, having thoroughly reviewed the settlement documentation, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. The Court recommends that this case be dismissed with prejudice as to Defendants, BLG Cement, LLC., RQL Enterprises, INC., Blue Heron, and Robert L. Ciarrocchi.

Accordingly, it is now

**RECOMMENDED:**

1. The Parties' Joint Motion for Approval of Settlement and Motion to Dismiss with Prejudice (Doc. #17) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

2. It is further respectfully recommended the case be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 23rd day of July, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record